Dear Mr. Hardy:
You have asked this office whether you may serve as an elected member of the Calcasieu Parish School Board while employed as a teacher with the Southwest Louisiana Marine Institute, located in Ragley, Calcasieu Parish, Louisiana.
The facts as you relate them reflect that the Southwest Louisiana Marine Institute is a private school that educates students under the age of eighteen who have been placed at the school under court supervision. All students are assigned to the school by the court and not by the Calcasieu Parish School Board. The school is administered by Associated Marine Institutes, Inc. and is not supervised by the school board.
We direct your attention to R.S. 17:428, which is specifically retained as law by the legislation enacting the Dual Officeholding and Dual Employment Law, Act 700 of 1979, § 8. LSA-R.S. 17:428 provides:
 A. After July 27, 1960 no supervisor, principal or teacher or any other school employee of any school board in this state shall be eligible to serve as a member of the board employing such person; however, such person shall be eligible to serve on any other parish or city school board if duly elected or appointed thereto. Whenever any supervisor, principal, teacher or other school employee is elected as a member of any parish or city school board or accepts any appointment to fill an unexpired term thereon and such board is his employer, he shall immediately submit his resignation to his employing board of which he is now a member. Should any such person fail to submit his resignation, the position he holds under such employing board shall be declared vacated by the taking of the oath of office as a member of the employing board. No resignation shall be required of any supervisor principal, teacher, or other school employee because of his election or appointment to a *Page 2 parish or city school board of which he is not an employee. (Emphasis added).
 B. The provisions of this Section shall not apply to any person holding office on July 27, 1960 until the end of the terms of such persons nor to any person who takes office on or before February 1, 1961.
Pursuant to R.S. 17:428, a school teacher may not serve as a member of the school board which employs him. See Opinion 94-531, copy attached. The prohibition of R.S. 17:428 is inapplicable here, as the Southwest Louisiana Marine Institute is not under the administration of the Calcasieu Parish school district; rather, it is a private school administered by Associated Marine Institutes, Inc. Thus, because you hold employment as a school teacher with Associated Marine Institutes, and are not employed by the Calcasieu Parish School Board, R.S. 17:428
does not prohibit you from holding both positions concurrently.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
 OPINION NUMBER 94-531 Ms. Carla Duplechin. Attorney General of Louisiana — Opinion. November 10, 2008. *Page 1 
78 OFFICERS-Dual Officeholding
LSA-R.S. 17:428
Under LSA-R.S. 17:428. specifically excepted from repeal in the dual officeholding law, school teacher must resign his position if elected to the school board.
Ms. Carla Duplechin 3016 Deaton Street Lake Charles, LA 70601
RICHARD P. IEYOUB, Attorney General.
Dear Ms. Duplechin:
Your recent request for an opinion of this office raises the following legal issue for our review:
 May an individual elected to the Calcasieu Parish School Board who is also a teacher employed by that board continue to teach in Calcasieu Parish?
We direct your attention to the provisions of LSA-R.S. 17:428, which are specifically retained as law by the legislation enacting the Dual Officeholding and Dual Employment Law, Act 700 of 1979, § 8. LSA-R.S.17:428 provides:
 A. After July 27, 1960 no supervisor, principal or teacher or any other school employee of any school board in this state shall be eligible to serve as a member of the board employing such person; however, such person shall be eligible to serve on any other parish or city school board if duly elected or appointed thereto. Whenever any supervisor, principal, teacher or other school employee is elected as a member of any parish or city school board or accepts any appointment to fill an unexpired term thereon and such board is his employer, he shall immediately submit his resignation to his employing board of which he is now a member. Should any such person fail to submit his resignation, the position he holds under such employing board shall be declared vacated by the taking of the oath of office as a member of the employing board. No resignation shall be required of any supervisor, principal, teacher, or other school employee because of his election or appointment to a parish or city school board of which he is not an employee.
 B. The provisions of this Section shall not apply to any person holding office on July 27, 1960 until the end of the terms of such persons nor to any person who takes office on or before February 1, 1961.
 C. School bus drivers in parishes with population not exceeding sixteen thousand may at the same time serve as a member of the school board. (Emphasis added). *Page 2 
According to LSA-R.S. 17:428(A) quoted above, it is mandatory that you submit your letter of resignation to the school board concerning your teaching position, as you have been elected member of your employing board.
Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams